UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN M. HUDSPATH, | Case No. 3:20-cv-00638-LRH-CLB |
| Petitioner, | **ORDER** |
| v. | |
| KYLE OLSON, et al., | |
| Respondents. | |

**I.     Introduction**

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner has paid the filing fee. ECF No. 6. The court has reviewed the petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition.

Petitioner also has submitted a motion for appointment of counsel. The court denies this motion because petitioner has yet to demonstrate that he has possibly viable claims for relief.

**II.    Procedural History**

After a jury trial, petitioner was convicted of five counts of sexual assault of a minor under the age of fourteen, two counts of lewdness with a child under the age of fourteen, four counts of use of a minor under the age of fourteen in producing pornography, and four counts of possession of a visual presentation depicting the sexual conduct of a child. ECF No. 1-1 at 10. On appeal, the Nevada Supreme Court affirmed the judgment of conviction. ECF No. 1-1 at 10-

14. The state district court denied petitioner's post-conviction habeas corpus petition. ECF No. 1-1 at 16-27. On appeal, the Nevada Supreme Court affirmed that denial. ECF No. 1-1 at 28-31.

**III.  Discussion**

**A.  Ground 1 is barred**

Ground 1 is a claim that Deputy Sheriff Juarez of San Bernardino County, California, seized petitioner's cellphone without a warrant, in violation of the Fourth Amendment. Petitioner litigated this claim on direct appeal. ECF No. 1-1 at 10-12. Petitioner thus had a full and fair opportunity to litigate the claim, and the claim is not addressable in federal habeas corpus. See Stone v. Powell, 428 U.S. 465 (1976). Petitioner will need to omit this claim from the amended petition.

**B.  Ground 3(2) is without merit**

Ground 3(2) is a claim that petitioner's state post-conviction counsel provided ineffective assistance. A habeas corpus petitioner has no right to appointment of post-conviction counsel, and thus he has no right to the effective assistance of post-conviction counsel. Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)). Ground 3(2) thus lacks merit on its face.[1] Petitioner will need to omit this claim from the amended petition.

**C.  Grounds 2 and 3(1) require amendment**

Grounds 2 and 3(1) share the same defect: Petitioner has not alleged any facts in support of his claims in those grounds.[2] The court will restate these grounds in lists.

Ground 2(1): The prosecution

1. Procured a multiplicitous indictment;
2. Referred to bad acts evidence not at issue in the guilt/innocence phase of the trial;

---

[1] In a supporting memorandum, petitioner cites Martinez v. Ryan, 566 U.S. 1 (2012), in his argument that state post-conviction counsel was ineffective. ECF No. 1-1 at 45. Martinez held that the ineffective assistance of post-conviction counsel can excuse the procedural default of a claim of ineffective assistance of trial counsel. However, Martinez did not create a free-standing right to effective assistance of post-conviction counsel that could be alleged in a petition. Martinez explicitly stated that, other than its limited holding, the rule of Coleman still applies. 566 U.S. at 16.

[2] Ground 3(2) also shares this defect, but the ground is without merit no matter how detailed petitioner could make it.

2

    3. Knowingly and willfully used "false testimony" regarding California law while "vouching" for Officer Juarez's knowledge of the same, after having "coached" Officer Juarez pertaining to his testimony of the same, in order to mislead the jury; and

    4. Made inflammatory remarks to prejudice the jury.

Ground 2(2):  The trial court abused its discretion by

    1. Allowing the prosecution to engage in the knowing and willful use of false testimony;

    2. By not admonishing all counsel for their conduct in the case;

    3. Displaying "partiality" against Defendant/Petitioner while "burden shifting" due to erroneous jury instructions;

    4. Allowing the use of illegally seized evidence upon "judicial cognizance;"

    5. Allowing the prosecution to "coach" the witness (Officer Juarez) as to what to say <u>during</u> trial, by taking him into a hallway; and

    6. Doing nothing after the prosecution had contact with a juror outside of the courtroom.

Ground 3(1):  Ineffective assistance of counsel by

    1. Not objecting to the court allowing the prosecution to consult with Officer Juarez mid-trial;

    2. Not filing a motion to suppress illegally obtained evidence;

    3. Not filing an objection for when a juror came into direct contact with the prosecutor outside the courtroom during trial proceedings;

    4. Not preserving issues for appeal that were cognizable; and

    5. Appearing to have conflicting interests while representing petitioner.

Petitioner refers to an attached memorandum for greater detail. ECF No. 1-1 at 5, 7. Petitioner did attach a memorandum to his petition. ECF No. 1-1 at 32-53. However, for the remaining grounds in the petition, the memorandum provides facts for only two of the above listed claims. First, the memorandum provides more facts for the claim that the prosecution coached and vouched for false testimony by Juarez. ECF No. 1-1 at 39-41. Second, the memorandum provides more facts for the claim that trial counsel failed to file a motion to suppress the evidence obtained from petitioner's cellphone. ECF No. 1-1 at 44. As for the rest of the listed claims, the

1  memorandum either simply mentions them without alleging any additional facts or does not
2  mention them at all.

3  The court will not consider the other attachments to the petition.  Petitioner has attached
4  the order of the Nevada Supreme Court affirming his judgment of conviction, the order of the
5  state district court denying his post-conviction habeas corpus petition, and the order of the
6  Nevada Supreme Court affirming that denial.  If the court were to piece allegations together out
7  of those documents, then the court would be writing the petition for petitioner.  The court will not
8  do this, nor will the court require respondents to do this.

9  Under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District
10  Courts, petitioner must allege all the facts that support his claims.  He has failed to do this for
11  grounds 2 and 3(1).  The court will not direct respondents to file a response to such vague claims.
12  Petitioner will need to allege the facts supporting these claims in an amended petition.

### D.     The memorandum alleges claims not in the petition

Part 6 of the memorandum has two claims that petitioner has not alleged in the petition. First, he alleges that the cumulative effect of the errors warrants relief.  The petition itself has no cumulative-error claim.  Second, petitioner alleges that a witness might have framed him by placing incriminating data on his cellphone while he was absent.  No such claim appears in the petition.  Again, the court will not piece together petitioner's claims for him.  If petitioner wants to make these claims, then he will need to allege them in the body of the petition itself.[3]

### E.     The court will not appoint counsel

Petitioner has submitted a motion for appointment of counsel.  The court will not appoint counsel for him now.  Petitioner first must file an amended petition that contains possibly viable claims.

///

///

---

[3] No need exists to file a supporting memorandum along with a petition.  The court has no page limit for a petition for a writ of habeas corpus.  LSR 3-2(b).  The form that petitioner used, which states that he may attach up to two additional pages, is out of date.  Petitioner can allege everything he needs to allege in the petition without worrying about its length.

**IV.     Conclusion**

IT THEREFORE IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and 1-2, respectively.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.  Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established.  Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.  Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 3:20-cv-00638-LRH-CLB, above the word "AMENDED."

IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the court.

IT FURTHER IS ORDERED that the clerk shall provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED this 29th day of January, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE