# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN M. HUDSPATH,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>KYLE OLSON, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:20-cv-00638-LRH-CLB<br><br>**ORDER DENYING MOTION TO DISMISS THIRD AMENDED PETITION**<br><br>(ECF No. 28) |

Counseled Nevada prisoner Melvin Hudspath brings this habeas corpus action under 28 U.S.C. § 2254 to challenge his 2015 state-court convictions for sexual assault of a minor under 14, lewdness with a child, use of a minor under 14 to produce pornography, and possession of a visual presentation of the sexual conduct of a child.  Hudspath has filed a third-amended petition asserting ten grounds for relief ("Third Petition").  (ECF No. 23).  Respondents move to dismiss the entire Third Petition, arguing that it is untimely because it was filed after the one-year limitation period expired, and Grounds 2, 3, 4, 6, 7 and 8 are unexhausted.  (ECF No. 28).

Hudspath contends in his response that Respondents' generalized assertion of the untimeliness defense has not given him fair notice of its contours with respect to any ground he asserts.  (ECF No. 33).  He argues that all grounds in the Third Petition relate back to his timely second-amended petition ("Second Petition").  (*Id.*)  And Hudspath argues that Grounds 2, 3, 4, 6, 7 and 8 are technically exhausted and he can overcome the procedural default of those claims because his postconviction counsel was ineffective and the other three prongs of the *Martinez v. Ryan* analysis are met.  (*Id.*)

Respondents clarify in their reply that only Grounds 7 and 8 should be dismissed because they do not relate back to the Second Petition.  (ECF No. 37).  And they ask the Court to defer ruling on the question of whether Hudspath can show cause and prejudice to overcome the procedural default of Grounds 2, 3, 4, 6, 7 and 8 until it adjudicates the Third Petition's merits.  (*Id.*)  The Court agrees with Respondents that the question of whether Hudspath can overcome the

procedural default of Grounds 2, 3, 4, 6, 7 and 8 is intertwined with the claims' merits and should be deferred. But the Court finds that Respondents' timeliness argument is vague and failed to give Hudspath a fair opportunity to address it and left the Court with an incomplete analysis of the relation-back issues. Finishing the analysis itself, the Court finds that Grounds 7 and 8 relate back to claims in the Second Petition. So the Court defers a decision as to whether Grounds 2, 3, 4, 6, 7 and 8 are procedurally defaulted, denies the dismissal motion as to the untimeliness argument, and sets a schedule for the parties to file their remaining pleadings.

I.  **PROCEDURAL BACKGROUND**

Hudspath had one year from the finality of his judgment of conviction to commence a federal habeas corpus action under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1)(A). The state district court entered Hudspath's judgment on August 14, 2015. (ECF No. 29-23). The Nevada Supreme Court entered its order of affirmance on May 26, 2017. (ECF No. 30-12). The conviction became final on August 24, 2017, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009).

The time that Hudspath spent on a postconviction habeas corpus petition in the state courts does not count toward the one-year period. 28 U.S.C. § 2244(d)(2). Hudspath filed his proper person state petition on February 21, 2018. (ECF No. 30-16). The state postconviction proceedings concluded when the Nevada Supreme Court issued its order of affirmance on September 18, 2020, and its remittitur on October 13, 2020. (ECF Nos. 30-35, 30-36). *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005) (explaining that the judgment becomes final, and the limitations period resumes upon issuance of remittitur).

The one-year limitation period expired on April 16, 2021.[1] Hudspath dispatched his proper person § 2254 petition to this Court on November 11, 2020; dispatched a proper person first-amended petition on February 13, 2021; and filed his counseled Second Petition on April 13, 2021. (ECF Nos. 1-1, 11, 16). These petitions were filed before the one-year limitation period expired.

---

[1] 181 days had passed between the judgment of conviction becoming final and the filing of Hudspath's state postconviction petition, so Hudspath had 184 days after his state postconviction petition became final to file his federal petition.

2

Hudspath filed his counseled Third Petition on August 24, 2021, after the one-year limitation period expired. (ECF No. 23).

## II.     DISCUSSION

### A.     Timeliness

In habeas proceedings, when a petitioner alleges a new claim in an amended petition filed after the expiration of the § 2244(d)(1) deadline, the new claim will be considered timely only if it relates back to a claim in a timely-filed petition. *Mayle v. Felix*, 545 U.S. 644 (2005). Although Rule 8 of the Federal Rules of Civil Procedure ("Civil Rules" or "Civil Rule") "requires only 'a short and plain statement of the claim' " in ordinary civil cases, Rule 2 of the Rules Governing Section 2254 Cases in United States District Courts ("Habeas Rules" or "Habeas Rule") "requires a more detailed statement" in habeas cases as it "instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" *Id.* at 649 (citing Fed. R. Civ. P. 8(a); Habeas R. 2(c)). Congress has authorized amendments to habeas petitions as provided in the Civil Rules. *Id.* (citing 28 U.S.C. § 2242). Under Civil Rule 15, an untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c).

For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659 (internal quotes omitted). New claims in an amended habeas petition do not arise out of the same "conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Id.* at 661. Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Id.* An amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Id.* at 650; *see also Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common core of operative facts").

Respondents argue that the entire Third Petition is untimely because it was filed after the one-year deadline. (ECF No. 28). In sum, Respondents take the position in their dismissal motion that all of Hudspath's claims are untimely by virtue of the operative petition's filing date alone, and Hudspath must show actual innocence, grounds for equitable tolling, or that his claims relate back to a prior timely filing. (*Id.*) Hudspath argues in his response that Respondents' vague and generalized assertion of untimeliness has not provided him fair notice of their statute-of-limitations defense. (ECF No. 33). Respondents address Hudspath's vagueness point in a footnote of their reply, arguing that requiring a petitioner to demonstrate in his amended petition that each claim relates back to an earlier timely petition "would simplify litigation and promote judicial economy." (ECF No. 37 at 3 n.1).

Perhaps Respondents are correct. But the Habeas Rules do not require a habeas petitioner to plead around a statute-of-limitations defense. Rather, it is the respondent who must allege in an answer or identify in a motion which claims fail to relate back to any timely petition. *See* Habeas Rule 5(b) (requiring that the answer "address the allegations in the petition" and "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations"). The burden then shifts to the petitioner to provide that the claims do, in fact, relate back. That isn't what happened here.

After Respondents raised their blanket untimeliness argument, Hudspath spent about five pages arguing why all ten grounds in the Third Petition relate back to claims asserted in the Second Petition. (ECF No. 33 at 6–12). But only a page and a half of that argument proved relevant when Respondents backtracked in their reply, arguing that only Grounds 7 and 8 are untimely because they don't relate back. The Court therefore considers the parties' timeliness arguments about only Grounds 7 and 8.

### 1.     Ground 7

Hudspath argues that Ground 7 relates back to Claim 3 in the Second Petition because both claims depend on the same core of operative facts. (ECF No. 33 at 9–10). Ground 7 alleges that Hudspath was deprived of effective assistance of counsel because his trial attorney failed to move to dismiss Count 3 of the indictment as duplicative of Count 2. (ECF No. 19. The video at issue

4

in Count 2 was recorded at 3:32 a.m. on January 19, 2014, and the video at issue in Count 3 was recorded at 3:43 a.m. the same day. (*Id.*) Ground 7 contends that the two videos record a single uninterrupted incident. (*Id.*) Claim 3 alleged that the trial court erred when it admitted Jury Instruction 19 because the evidence "did not show multiple separate acts." (ECF No. 16 at 17). "At trial, nothing was shown to break up the alleged acts, other than separate video files on the phone." (*Id.*) Claim 3 thus contended that "having more than one video file is not enough to show that there were separate acts," making the jury instructions without any basis in law. (*Id.*)

Respondents argue that Ground 7 does not relate back to Claim 3 because the former alleges ineffective assistance of trial counsel and the latter alleges trial court error, so the facts about the alleged errors will be different. (ECF No. 37 at 4). "But the 'time and type' language in *Mayle* refers not to the claims, or grounds for relief. Rather, it refers to *the facts that support those grounds*." *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013), *abrogated on other grounds by Davila v. Davis*, --- U.S. ---, 137 S. Ct. 2058 (2017). The ineffective-assistance claim in Ground 7 and the trial-court-error claim in Claim 3 are connected to the same core of operative facts—whether evidence showing that the videos depict a single continuous incident had been adduced. The Court is therefore persuaded that Ground 7 relates back to Claim 3 in the timely Second Petition.

### 2.     Ground 8

Hudspath argues that Ground 8 relates back to Claim 11 in the Second Petition because both claims depend on the same core of operative facts. (ECF No. 33 at 10). Ground 8 alleges that Hudspath was deprived of effective assistance of counsel because his trial attorney agreed to language in Jury Instruction 26 that implied Hudspath was guilty of the conduct alleged in Counts 13 through 16. (ECF No. 23 at 19). The instruction stated that "'[t]he parties further stipulate to . . . the described conduct as set forth in Counts 13 through 16 of the Information.'" (*Id.*) Counts 13 though 16 were then reproduced in the jury instructions, each pertaining to the possession of a visual representation depicting sexual conduct of a child with a brief description of the video. (*Id.* at 20). Ground 8 thus contends that the jury instructions could be interpreted as Hudspath agreeing that he was the person in the videos described in Counts 13 through 16. (*Id.* at 21). Claim 11

alleged, among other things, that Jury Instruction 26 deprived Hudspath of his constitutional right to an impartial arbiter. (ECF No. 16 at 44). It explains that the instruction is "flawed" because it "gave language that sentence guilt would be established" and "actual partiality for the guilt of" Hudspath. (*Id.*) Claim 11 thus contended that Jury Instruction 26 "relieved the state of it's burden of proof of the elements of the crime charged." (*Id.*)

Respondents argue that Ground 8 does not relate back to Claim 11 because the former alleges ineffective assistance of trial counsel for agreeing to the language in Jury Instruction 26 and the latter alleges denial of an impartial arbiter because of how Jury Instruction 26 was phrased. (ECF No. 37 at 4–5). The ineffective-assistance claim alleged in Ground 8 and the impartial-arbiter claim in Claim 11 are tied to the same core of operative facts—whether Jury Instruction 26 could be interpreted to state that Hudspath stipulated he was the adult male depicted in the videos at issue in Counts 13 through 16. The Court is therefore persuaded that Ground 8 relates back to Claim 11 in Hudspath's timely Second Petition.

### B.   Exhaustion and default

Hudspath argues that Grounds 2, 3, 4, 6, 7 and 8 are technically exhausted. A claim that has not been presented to the state court is technically exhausted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (internal quotation omitted). The state procedural bars that would be implicated in this case are the one-year time bar and the bar against second or successive petitions. Nev. Rev. Stat. §§ 34.726, 38.810(2). Both procedural bars allow for an excuse upon a showing of cause and prejudice or upon a showing of actual innocence. And the standards that the state courts apply are substantially the same as the standards that federal courts apply. *Compare Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004), *with Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006).

Petitioners who claim technical exhaustion by procedural default are rarely able to establish cause and prejudice or actual innocence to excuse the default. On one hand, if a petitioner has a viable argument for cause and prejudice or actual innocence under the substantially similar state and federal standards, then the petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred," *Sandgathe*, 314 F.3d at 376, and the ground is not technically

exhausted. On the other hand, if a petitioner has no arguments for cause and prejudice or actual innocence, then the ground is technically exhausted but also subject to dismissal as procedurally defaulted.

But when federal law recognizes a potential basis to excuse a procedural default and the Nevada state courts do not, then the petitioner can argue in federal court that a ground is technically exhausted and that an excuse for the procedural default exists. Ineffective-assistance-of-trial-counsel claims allow a petitioner to do that. The United States Supreme Court held in *Martinez v. Ryan* that ineffective assistance of state postconviction counsel, or the lack of counsel in state postconviction proceedings, possibly can excuse a procedurally defaulted claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1 (2012). A petitioner must demonstrate that (1) the claim of ineffective assistance of trial counsel is substantial; (2) ineffective assistance of post-conviction counsel (or lack of counsel) is the cause of the default; (3) the post-conviction proceedings were the initial review proceedings for the ineffective-assistance-of-trial-counsel claim; and (4) state law requires, or practically requires, that the claim be raised in the initial post-conviction proceedings. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

The Nevada Supreme Court has declined to recognize cause under *Martinez* as cause to overcome a state-law procedural bar. *Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). So a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Hudspath relies on *Martinez* to overcome a procedural default of Grounds 2, 3, 4, 6, 7 and 8. It doesn't appear from the current briefing that Hudspath has other potentially viable bases for demonstrating cause and prejudice that might be recognized by the state courts, which would preclude a finding of technical exhaustion by procedural default for that claim. The Court finds that a cause-and-prejudice analysis under *Martinez* for Grounds 2, 3, 4, 6, 7 and 8 is appropriate here, but the Court will wait to resolve it until after the parties have answered and replied,

addressing the claims on their merits.  That way, the Court will have the benefit of analyzing all of Hudspath's claims against a fully developed factual and legal backdrop.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss the Third Amended Petition for Writ of Habeas Corpus (ECF No. 28) is DENIED.

2. Grounds 2, 3, 4, 6, 7 and 8 are actually unexhausted but technically exhausted because they would be procedurally barred by the state courts.  But a decision on whether Hudspath can demonstrate cause and prejudice under *Martinez* is DEFERRED until after the parties have answered and replied.

3. Respondents have **until October 14, 2022,** to file and serve an answer to the Third Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 23).  The answer must contain all substantive and procedural arguments as to all grounds for relief in the petition, including whether Grounds 2, 3, 4, 6, 7 and 8 are barred by procedural default under federal law.  The answer must also comply with Habeas Rule 5.  Petitioner Hudspath will then have 30 days following service of Respondents' answer to file a reply.

DATED this 14th day of September 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE